GUSTAVISON *v.* GUSTAVISON.

DEEDS—BILL OF SALE—ACTION TO SET ASIDE—EVIDENCE.

> In suit by aged foreign-born mother, who was deaf and had
> difficulty in understanding either her native tongue or Eng-
> lish, against son to set aside deed to farm worth $4,000 which
> was executed for a consideration of $2,000 shortly after she
> had been left alone on the farm and to set aside a bill of sale
> of personalty made later, evidence *held,* sufficient to support
> finding of trial judge that she did not know she was executing
> deed, notwithstanding efforts of a probate judge and his wife
> to explain transaction to plaintiff, but insufficient to warrant
> setting aside bill of sale.

Appeal from Montcalm; Hawley (Royal A.), J. Submitted April 3, 1935. (Docket No. 53, Calendar No. 38,314.)  Decided June 3, 1935.

Bill by Karen Gustavison against Fred Gustavison and wife to set aside a deed and bill of sale. Decree for plaintiff. Defendants appeal. Modified and affirmed.

*Brake & Davis,* for plaintiff.

*Eldred & Gemuend,* for defendants.

WIEST, J.  Plaintiff is the mother of defendant Fred Gustavison, and filed the bill herein to have a deed of her farm and a bill of sale of personal property to the son set aside, on the grounds that she did not knowingly make the transfers and the considerations were wholly inadequate.

Plaintiff was born in Norway, is 81 years of age, came to this country upward of 45 years ago, settled upon a farm in Montcalm county with her husband, who was also born in Norway, and raised a family of three boys and three girls. Her husband died in 1901, and the sons Fred and George operated the farm until a settlement was made with Fred and thereafter George carried on the farm until his death in November, 1932. At the time of his death George, who never married, owned the farm and plaintiff was his sole heir at law. George's death left plaintiff alone on the farm and dependent upon such help as she could obtain, for her children were married and settled elsewhere.

On account of the financial depression farm land was not salable and values had materially depreciated. The farm was worth at least $4,000. Plaintiff and her son Fred had been estranged for years, and were only brought together by the death of George and the helpless position of plaintiff.

The 3d day of March, 1933, Fred and Edmond E. Eldred, husband of plaintiff's daughter Alice, were at the home and were informed by the man who had been taking care of things that he was not going to remain, and thereupon they took plaintiff to the office of the judge of probate of Montcalm county and ascertained that, while the estate of the son George had not been closed, plaintiff could execute a deed, subject, however, to claims against the estate, and there a deed was prepared by the wife of the judge of probate and executed by plaintiff, conveying the farm to the son Fred for a consideration of $2,000, secured by a mortgage on the farm for that amount, due in five years, with interest payable annually.

Plaintiff claims that she did not know she was executing a deed, and the circuit judge so found, stating:

"Plaintiff at that time was a woman of advanced years, being upwards of 80 years of age, and was at that time and thereafter considerably disturbed as to her own future welfare and the care, management and conservation of her property. Suddenly and without warning she had been left alone. She had had a hard and laborious life. Her touch and contact with the world of affairs had been very slight and necessarily so. She speaks a sort of jibberish, a mixture of Norwegian and English, which is difficult for either a Norwegian or an English speaking person to understand. She is uncouth in face and figure and ungracious in manner and personality. She is considerably deaf and does not readily understand either Norwegian or English."

The evidence relating to the transaction has been examined. The circuit judge had an advantage we do not possess; he had a view of the testifying witnesses; we have but the printed record, void of all the help so essential in weighing statements made. We are loath to disturb the finding of the circuit judge.

The circuit judge also found the consideration inadequate. Considering the relationship between the grantor and the grantee and the unsalability of farms at that time we do not consider the consideration of decisive importance.

After plaintiff executed the deed she visited the office of an attorney at Mt. Pleasant, together with her son Fred, and son-in-law Eldred, and there executed a bill of sale of part of her personal property on the farm to Fred and took his note for the purchase price, and another bill of sale to her son-in-law

and daughter Alice, transferring to them other personal property on the farm for an express consideration and their undertaking to support her and provide her with a home during her lifetime, and have credit upon the purchase price at the rate of $4 per week.

Plaintiff does not ask to have the sale to the son-in-law and her daughter Alice set aside, but asked and was granted a decree setting aside the sale to her son Fred.

It also appears that plaintiff had a deposit of $2,887.93 in the Edmore Bank but, at the time of the hearing, that bank was insolvent and in receivership.

There was evidence by the judge of probate and his wife that plaintiff fully understood that she was giving the deed; that it was explained to her by the judge of probate in Norwegian, Scandinavian and English languages. As against that, plaintiff claims she did not understand that she was executing a deed, and the finding of whether she comprehended the transaction was so intimately connected with a view of her and her apparent degree of intelligence and of comprehension, even upon explanation attempted, was so clearly for the trial judge that we feel bound to accept his finding.

Undoubtedly the judge of probate and his wife endeavored to have plaintiff understand the nature of the instrument she signed, and believed that she fully comprehended their explanations, but such efforts and belief still left the issue of whether she did have comprehension of the fact that she was conveying the farm to her son Fred.

The unseemly speed with which the son Fred carried this transfer through, considering the distress and agitation of the mother, consequent upon her forlorn and helpless situation calling for filial comfort and support but without such aid, was enough

to bring bewilderment to this old mother and inability to comprehend what was being done.

It would be of no benefit to enter upon an extended review of the testimony. We do not feel, however, that the bill of sale to the son Fred, made at a later time, should be set aside.

The decree entered in the circuit, with such modification, will be affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.