PLATT *v.* PLATZKI.

1. Parent and Child—Consideration for Transfer of Property.
   In transactions involving transfer of property interests from aged parents to children for alleged insufficient or totally absent consideration, the matter of consideration is not of decisive importance.

2. Same—Conveyances to Children—Equity.
   Conveyances of interest in property from aged parents to their child should be scrutinized with vigilance since courts of equity regard them with suspicion.

3. Same—Contracts—Burden of Proving Validity.
   Burden of proving validity and fairness of contract to elderly parents who conveyed vendors' interest in land contract to their son and his wife for slightly more than half of balance due from vendee, consideration from son to be payable monthly, is upon son and wife.

4. Same—Contracts—Fraud—Undue Influence—Consideration.
   Contracts and business dealings between a parent and child are not *per se* fraudulent and although a court of equity will closely scan such contracts when validity is attacked, fraud or undue influence must be clearly proved by party asserting it and if without such and for a sufficient consideration, the transaction will be upheld.

5. Same—Unconscionable Contract.
   Contract whereby elderly parents sold to son and wife their vendors' interest in a land contract in which balance due from vendee was $3,746.90 for $2,000 to be paid from moneys parents were already entitled to receive from vendee and possibly cancellation of a $50 debt owed son *held,* so unconscionable as to be void because of grossly inadequate consideration although fraud and undue influence may be lacking.

6. ACCOUNTING—PARENT AND CHILD.

Accounting for collections made from vendee by son of aged parents is ordered where contract under which son and his wife purchased vendors' interest from parents was an unconscionable one.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted October 20, 1936. (Docket No. 25, Calendar No. 39,105.) Decided December 8, 1936.

Bill by John Platt and wife against Michael Platzki and wife, Eugenia Popowska and Joseph A. Feldman for an injunction and declaration of rights under a written contract. Cross-bill by defendants Platzki against plaintiffs to have the written contract declared void. Discontinuance as to defendant Popowska. From decree setting aside contract as void and dismissing bill, plaintiffs appeal. Affirmed.

*Marcus & Marcus,* for plaintiffs.

BUSHNELL, J. John Platt and his wife filed a "bill of complaint for injunction and declaration of rights" claiming that on May 29, 1933, they purchased from defendants Platzki their vendors' interest in a certain land contract for the sum of $2,000, which was to be paid at the rate of $25 per month. At the time the contract payments were $50 a month and there was an unpaid balance due the vendors of $3,746.90; and although the monthly payments were being made with regularity, the vendee had failed to pay some taxes and a considerable amount of these were in arrears. The Platzkis, who are the elderly parents of John Platt, were the vendors in this contract and it is plaintiffs' claim that being fearful of losing their equity in the property through tax sales the old couple in their perplexity looked elsewhere for help. The testimony is not es-

pecially clear but the Platzkis apparently expected their son to relieve them from this apprehension either by actual payment of the taxes or securing payment thereof by the vendee. In any event, a so-called land contract was entered into between the parties hereto. Defendant Feldman, who was acting as a collecting agent for the vendors, was subsequently instructed to remit only one-half of the original contract payments to Platzki and wife, and after deducting this charge, to send the balance of the collections to Platt. Later, the monthly payments of vendee Popowska were reduced from $50 to $30 a month and the Platzkis instructed Feldman not to send any more money to their son. By this time, approximately $400, less collection charges, had been paid to Platt and wife through Feldman. Defendants' answer raised the question of lack of consideration and by cross-bill, they sought a decree declaring the Platt contract to be null and void.

Testimony was taken before a circuit court commissioner who found that approximately $600 was owing upon taxes when the Platt arrangement was made but when the testimony was taken, vendee Popowska had reduced the delinquent tax obligations to about $300, some of which had been put upon the deferred payment plan. Plaintiffs' counsel waived judgment as to defendant Feldman and made the following statement upon the record in open court:

"Inasmuch as the defendants Platzkis are rather elderly and need the income of this property, we are willing that the entire income, that is the income that they have retained and the future income, be retained, only that we have a proper accounting therefor and the proper credits; we don't want to deprive them of any part of their income, we don't want to appear in that light before this court."

The circuit court commissioner found that the contract was good, and that it had not been entered into by the Platzkis by reason of any undue influence, fraud or misrepresentation on the part of the Platts.

Upon review in the circuit court, the trial judge found, in effect, that no burden had been assumed by John and Frances Platt; that while they had paid nothing to their parents for the property, nevertheless they had been receiving one-half of the monthly payments. The court's opinion stated that the only consideration urged was an agreement to credit upon the contract a $50 debt claimed to be due from the father to the son and added:

"This consideration would, of course, be grossly inadequate to support the transaction here involved."

In *Gustavison* v. *Gustavison,* 272 Mich. 173, where an elderly mother sought to set aside a deed and bill of sale given her son, we said:

"Considering the relationship between the grantor and the grantee and the unsalability of farms at that time we do not consider the consideration of decisive importance."

Where a mother filed a bill to cancel a deed to her eldest son, we stated that:

"In transactions of this nature, we fully recognize the rule that they are regarded by courts of equity with suspicion, and should be scrutinized with vigilance." *Guinon* v. *Guinon,* 184 Mich. 56.

And in *Williams* v. *Williams,* 198 Mich. 1, it was held:

"That the presumptions are against transactions of this nature and they are critically scrutinized by the courts, putting the burden of proof upon those

seeking to sustain them, requires no citation of authority. In view of plaintiff's age, their kinship, and the confidential relations shown to exist between them at the time, it was incumbent upon defendants to show that the agreement with their father was not to his disadvantage, was fair to him and of his own free will, that no advantage was taken by them of his age, mental condition, or confidence in them, that they have fulfilled the terms of their agreement, in letter and spirit, so far as permitted by him, and are ready and willing to continue so to do.''

The general rule is correctly given in plaintiffs' quotation from 46 C. J. p. 1318, § 141:

''Contracts and business dealings between a parent and child are not *per se* fraudulent, but they must be treated just as are transactions between other persons, and while a court of equity will closely scan such contracts when their validity is attacked, fraud or undue influence must be clearly proved by the party asserting it. If the contract is not unconscionable, and is made understandingly, without actual fraud or undue influence, and upon a sufficient consideration, it will be upheld.''

So tested, the instant transaction seems to fall; while the contract was not fraudulent of itself, it must be closely scanned. Although neither fraud nor undue influence was clearly proved, nevertheless the contract is unconscionable. It is apparent that it was entered into without a proper understanding on the part of the parents and notwithstanding the fact that actual fraud or undue influence may be lacking, the moving consideration of a credit upon the contract by way of cancellation of defendants' obligation is grossly inadequate. It is unreasonable to suppose that the aged parents would agree to sell a $3,746.90 real estate equity to their son for $2,000 to be paid out of the moneys they were already en-

titled to receive from their contract purchaser. The entire transaction, in view of its attending circumstances, is so unconscionable that it cannot find support in a court of equity.

The decree, dismissing plaintiffs' bill of complaint, and ordering an accounting for the collections made, is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, WIEST, BUTZEL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.