SPENCER v. HILL.

1. PARENT AND CHILD—CANCELLATION OF INSTRUMENTS—EVIDENCE.
    Decree for plaintiff mother setting aside assignment of a land
        contract, cancelling promissory note executed by defend-
        ant daughter, restoring plaintiff's interest in the land
        contract and property and ordering repayment of half of sum
        defendant had withdrawn from joint bank account *held*, fully
        supported by proofs in suit between parties who had purchased
        property on land contract and otherwise "pooled" their in-
        terests and the assignment had been made to enable defendant
        to obtain a war widow's tax exemption but was used by her for
        attempted eviction of plaintiff from premises.

2. SAME—BURDEN OF PROOF—CONVEYANCE STRIPPING PARENT OF
    PROPERTY.
    Transactions whereby an elderly parent strips herself of prop-
        erty and means of support by conveyance to a child to the
        parent's disadvantage are regarded with suspicion, critically
        scrutinized by the courts, and the burden of proof of showing
        validity and fairness is upon those seeking to sustain them,
        each case being dependent upon the varying facts and circum-
        stances.

3. SAME—CONSIDERATION.
    The matter of consideration is not of decisive importance in de-
        termining validity of a transaction whereby an elderly parent
        strips herself of her property and means of support by con-
        veyance to her adult daughter.

Appeal from Wayne; Simpson (John), J., presid-
ing. Submitted January 7, 1953. (Docket No. 37,
Calendar No. 45,634.)   Decided March 10, 1953.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 24 Am Jur, Gifts § 49.
    Generally as to gift or conveyance by parent to child, see 39 Am
        Jur, Parent and Child §§ 95–97.

Bill by Treva Spencer against LaVerne T. Hill
and her husband for accounting and to set aside
conveyance. Case dismissed as to husband. Decree
for plaintiff. Defendant appeals. Affirmed.

*Earl J. Demel,* for plaintiff.

*Dunbar Davis,* for defendant.

BOYLES, J. This is an appeal by defendant La-
Verne T. Hill from a decree setting aside an assign-
ment of a land contract to her from the plaintiff, and
for an accounting.

Plaintiff is an elderly woman and the defendant-
appellant LaVerne T. Hill is her daughter. In 1947
they purchased on land contract a house and lot in
Plymouth, as joint tenants with right to survivor.
The plaintiff invested $2,000, her life savings, in the
contract. Appellant LaVerne T. Hill put in $1,000.
The place was purchased as a home for the plain-
tiff, her said daughter and said daughter's small
child. They moved into the home and lived together
there. Both earned by doing some outside work,
plaintiff contributed her earnings, they rented some
rooms in the house, the daughter contributed her
war widow's pension from the United States govern-
ment, and, also, $36 per month from her social se-
curity. They "pooled" their interests, kept up the
payments on the land contract, made expenses and
accumulated about $450 in a joint bank account.
The daughter was a war widow with a small child,
her former husband (Pluff) having been killed in
military service. In 1948 the daughter induced her
mother to assign to her the mother's interest in the
land contract. In return, the daughter gave plain-
tiff a promissory note for $2,000, payable on or be-
fore 10 years, with interest after maturity. There-
after they carried on as before, residing in the home,

pooling their earnings and income and making the payments, until on July 17, 1951, the daughter caused to be served on the plaintiff a 2-day notice to vacate and surrender up possession of the land contract premises, stating her intention to carry on removal proceedings. In the meantime, the daughter had married Harry Hill, who was made a defendant in this case but dismissed during the trial.

Two days later, on July 19th, plaintiff filed this bill of complaint asking that the defendant be compelled to reconvey to her her proportionate interest in the property, account for her interest in the joint bank account which the defendant had withdrawn, and that the defendant be enjoined from disposing of the land contract or the property, or from evicting the plaintiff from the premises. Issue was joined and, after a hearing during which the plaintiff was sworn and testified as the only witness in the case, the court granted plaintiff the relief prayed for. The defendant LaVerne T. Hill appeals.

The only question involved is whether the trial court erred in granting plaintiff the relief prayed for, under the established facts in the case. Plaintiff testified that the defendant suggested that the plaintiff "sign off so she [defendant] could get a tax exemption as a war widow;" that she [plaintiff] did not understand she was conveying away her interest in the property when she executed the assignment; that she understood that "in case of her death, I would get the property. * * * That note was made out so in case of her death, I would still have a home. I was made legal guardian of her little son;" that her daughter suggested giving to her the $2,000 promissory note. Her testimony, not controverted, was that appellant suggested that "she would give me a note, so I would have protection in case she died." When questioned by the court, she testified:

"*Q.* As I gather it, when you made this assignment, did you think or understand that you were conveying away your interest in that property?

"*A.* No, sir.

"*Q.* You were just doing that, so she could get the benefit of a widow's exemption on taxes; is that it?

"*A.* Yes, your Honor.

"*Q.* But you still understood that you had the same interest in the place that you had?

"*A.* Yes, your Honor."

She further testified that they had a joint bank account "built up to $475 from the money brought in by the parties in varying amounts after payment of household expenses, bills and land contract payments." It was stipulated by counsel that $450 had been withdrawn by defendant-appellant.

Her testimony was not rebutted or disputed. No other testimony was taken.

The court entered a decree setting aside the assignment, cancelling the promissory note, restoring plaintiff's interest in the land contract and property, and requiring the defendant-appellant to pay plaintiff $212.50 withdrawn from the joint bank account. The decree is fully supported by the proofs.

While each case of this nature must depend on varying facts and circumstances, the controlling principles of equity found in the following cases apply here:

"That the presumptions are against transactions of this nature and they are critically scrutinized by the courts, putting the burden of proof upon those seeking to sustain them, requires no citation of authority. In view of plaintiff's age, their kinship, and the confidential relations shown to exist between them at the time, it was incumbent upon defendants to show that the agreement with their father was not to his disadvantage, was fair to him and of his own free will, that no advantage was taken by them

of his age, mental condition, or confidence in them, that they have fulfilled the terms of their agreement, in letter and spirit, so far as permitted by him, and are ready and willing to continue so to do." *Williams* v. *Williams,* 198 Mich 1.

"But where a child sustains confidential relations with the parent as this record discloses Annie sustained to her mother, and such parent strips himself or herself of all his or her property and means of support by a conveyance to the child, some duty devolves upon the grantee or those claiming under such grantee to show the validity of the transaction." *Lewandowski* v. *Nadolny,* 214 Mich 350.

"In tranactions involving transfer of property interests from aged parents to children for alleged insufficient or totally absent consideration, the matter of consideration is not of decisive importance.

"Conveyances of interest in property from aged parents to their child should be scrutinized with vigilance since courts of equity regard them with suspicion.

"Burden of proving validity and fairness of contract to elderly parents who conveyed vendors' interest in land contract to their son and his wife for slightly more than half of balance due from vendee, consideration from son to be payable monthly, is upon son and wife. * * *

"Contract whereby elderly parents sold to son and wife their vendors' interest in a land contract in which balance due from vendee was $3,746.90 for $2,000 to be paid from moneys parents were already entitled to receive from vendee and possibly cancellation of a $50 debt owed son *held,* so unconscionable as to be void because of grossly inadequate consideration although fraud and undue influence may be lacking." *Platt* v. *Platzki* (syllabi), 277 Mich 700.

"In *Tompkins* v. *Hollister,* 60 Mich 470, 480, the Court said:

" 'Where one relies upon another, and has a right so to rely, and the person relied upon omits to state

a most material legal consideration within his knowledge, of which the other is ignorant, affecting his rights, and the person thus ignorant acts under this misplaced confidence and is misled by it, a court of equity will afford relief, especially if such action is to the advantage of the person whose advice is taken, even though no fraud was intended.' See authorities there cited.

"Equity will not aid an avaricious, 66-year-old, active, aggressive son to deprive his 85-year-old father of his home under the circumstances disclosed in this case. *Platt* v. *Platzki,* 277 Mich 700. See, also, *Williams* v. *Williams,* 198 Mich 1, and authorities cited in *Beattie* v. *Bower,* 290 Mich 517, p 526 *et seq.*" *Walter* v. *Walter,* 297 Mich 26.

Affirmed. Costs to appellee.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, Sharpe, and Reid, JJ., concurred.